IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**CARRIE FOUSER,**

      **Plaintiff,**

**v.**                                                      **CIV 08-905 JH/DJS**

**PFIZER, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER
## GRANTING REMAND TO STATE COURT

This matter comes before the Court on Plaintiff Carrie Fouser's Motion to Remand [4] filed on October 7, 2008. The issue presented is whether the amount in controversy is sufficient to support diversity jurisdiction in the federal court. After careful consideration of the motion as well as the Defendant's Response to Plaintiff's Motion to Remand [7] and Plaintiff's Reply in Support of Motion to Remand [14], the court concludes that defendant Pfizer, Inc. has failed to prove by a preponderance of the evidence facts establishing an amount in controversy sufficient to support federal diversity jurisdiction and plaintiff's motion will be granted and the case will be remanded to state court.

## BACKGROUND

This employment dispute was filed in the Second Judicial District Court, County of Bernalillo, State of New Mexico on December 19, 2007. The Complaint is entitled "Complaint for Breach of Contract" and contains four counts alleging breach of contract, retaliation under the New Mexico Human Rights Act, pregnancy discrimination and retaliatory discharge. The complaint does not specify any dollar amount in damages, however the complaint indicates

plaintiff had obtained other employment prior to her departure from her employment with the defendant, and that defendant did not pay her severance pay that she contends was promised to her. Thus, the complaint alleges plaintiff suffered damages including the loss of severance, loss of reputation, loss of opportunity and emotional distress. (See Complaint For Breach of Contract, Paragraphs 33, 41, 48 and 52). Additionally, in the final paragraph of the Complaint, plaintiff requests judgment against defendant plus punitive damages, attorney's fees, cost (sic), expenses of suit, pre-judgment and post-judgment interest. On December 19, 2007, the plaintiff also filed in state court a Certificate of Arbitration which indicates the plaintiff is seeking relief greater than $25,000.

The state court complaint was served upon the defendant on January 3, 2008. The case proceeded in state court, and plaintiff responded to written discovery. On September 10, 2008 plaintiff served the defendant with Answers to Interrogatories, including Answer Number 8, which describes and itemizes her claimed damages. Plaintiff estimated her damages as $35,000 in unpaid severance compensation, an unpaid bonus, the value of which was not yet determined, plus 15% interest per year pursuant to NMSA §56-8-4(A)(2) on the unpaid severance compensation and bonus.[1] In addition, in plaintiff's Answer to Interrogatory Number 5 she said she is entitled to unspecified damages for emotional distress, punitive damages, attorney's fees and costs. In her Answer to Interrogatory Number 14, plaintiff further indicated she is not seeking damages based on lost or reduced wages. At defendant's request, on September 30, 2008, plaintiff made a written proposal to defendant to settle all claims and issues, for $85,000 **inclusive** of attorney's fees and costs. Three days later, on October 3, 2008, defendant filed its

---

[1] Plaintiff apparently calculates interest on the $35,000 in unpaid severance at 15 percent per year, or $5,250 per year, for a total exceeding $15,000.

Notice of Removal to federal court asserting diversity jurisdiction.  Defendant did not otherwise respond to plaintiff's settlement demand.  Neither the plaintiff nor the defendant has provided the court with a more precise calculation as to either the severance compensation or the unpaid bonus in dispute.

## LEGAL STANDARDS

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of $75,000, exclusive of interest and costs.  ***McPhail v. Deere & Co.,*** 529 F.3d 947, 952 (10th Cir. 2008).  The proponent of federal jurisdiction must prove contested jurisdictional facts by a preponderance of the evidence.  ***McPhail***, at 954.  In other words, a removing defendant must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that an amount in excess of $75,000 is in play.  ***Id.***  Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward.  ***Id.,*** citing ***Meridian Security Ins. Co. V. Sadowski,*** 441 F.3d 536541-42 (7th Cir. 2006).  A plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim, ***McPhail, supra,*** citing ***Cohn v. Petsmart, Inc.,*** 281 F.3d 837, 840 (9th Cir. 2002), so that documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal.  ***McPhail, supra.***

Once the underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake.  ***Id.***

**DISCUSSION**

As noted above, the burden first falls on the defendant as the removing party, to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. Applying the principles discussed above, the Court concludes that the defendant has not proven the facts necessary to support its contention that this case may involve more than $75,000, exclusive of interest and costs.

The complaint does not specify a dollar amount of damages claimed, so the defendant must look to other documentation to determine the amount in controversy. What exists in the record is a 1) a Certificate of Arbitration filed by plaintiff asserting that plaintiff seeks relief greater than $25,000; 2) Answer to Interrogatory Number 5 that estimates damages for unpaid severance compensation to be $35,000 plus interest at the statutory rate of 15 percent per year; and 3) a settlement proposal from plaintiff to defendant offering to settle all claims and issues for the amount of $85,000 *inclusive of attorneys fees and costs.*

While defendants rely on the demanded sum of $85,000 as support for the amount in controversy, that sum is not broken down in any way, so that it is not clear how much of that amount is attributable to damages and how much of that amount is attributable to interest and costs, both of which are claims or issues which have been consistently in play, according to the complaint, the Answers to Interrogatories and the written settlement proposal itself which specifically refers to costs.

Plaintiff has consistently contended she is entitled to interest on the unpaid severance, and she apparently has calculated the interest at the rate of 15 percent per year from the date she left her employment with the defendant. Because plaintiff's interest calculation (whether it is correct or not) was included in her $85,000 demand, when subtracted, the amount in controversy

does not reach the required $75,000. Moreover, we are unable to determine how much of plaintiff's demand includes costs, which are also explicitly excluded from the determination of the jurisdictional amount.

Based on the foregoing, the Court concludes defendant has not proven by a preponderance of the evidence, facts which support an amount in controversy in excess of $75,000, exclusive of interest and costs.

IT IS THEREFORE ORDERED, that Plaintiff's Motion to Remand is well taken and will be GRANTED.

_____
UNITED STATES DISTRICT JUDGE